Thomas A. Burgess *vs.* The State of Maryland, use of
G. G. S. Skinner.—*December* 1841.

In an action brought upon an administration bond, for the use of S., who
claimed as the assignee of the obligee of the intestate, it is necessary to
prove the assignment of the bond to the equitable plaintiff, but an objection
to the admissibility of the bond in evidence, does not raise any question
about its assignment; for the bond may be proved as a part of the chain of
evidence without proof of the assignment, and if no such proof was eventu-
ally offered, the proper objection would be to the plaintiff's right to recover.
Since the act of 1825, chap. 117, upon an exception, this court can only
look to the point decided.

APPEAL from *Charles* county court.

This was an action of DEBT, commenced on the 22nd February, 1837, by the appellee against the appellant, upon the bond of *James T. Henderson*, as administrator of *John Henderson*, conditioned well and truly to perform the office of such administrator, and was executed on the 14th August, 1832. The defendant pleaded general performance.

The plaintiff replied that the said *John Henderson*, deceased, in the writing obligatory aforesaid mentioned, in his lifetime, on the 25th day of June, 1831, by his certain writing obligatory, acknowledged himself to be held and firmly bound unto *John L. Henderson* in the full and just sum of $141.81$\frac{1}{4}$, current money of the United States, to be paid to him when afterwards he should be thereunto required, and which said writing obligatory was made and passed for a just and *bona fide* debt then due and owing from the said *John Henderson* to the said *John L. Henderson*, and yet unpaid or in any manner satisfied, and which said writing was for value received in due form of law, afterwards, to wit, on the day of, &c., by the said *John L. Henderson*, assigned to *George G. Skinner*, for whose use this suit was instituted; and the said State by its attorney further saith, that after the death of the said *John Henderson*, and after the making of the writing obligatory aforesaid, and after the assignment of the same as aforesaid, he the said *George G. Skinner* sued forth the State's writ of *capias ad respondendum* out of *Charles* county court, on the 27th day of February, 1836, against *James Henderson*, administrator of the said *John Henderson*, deceased, to recover the money due and owing to him the said *George*, in manner aforesaid, by the said *John Henderson*, deceased, and which said writ was directed to the sheriff of *Charles* county, in which said county, the said *James Henderson* lived, whereby he was commanded to take into his custody the body of the said *James*, administrator of the said *John*, late of said county, deceased, otherwise, &c., if he should be found in his bailiwick, and him should safe keep, so that he might have his body before the said court, &c., on the third Monday of March then next, to answer unto the said

*George*, in a plea that he render unto him the said sum of $141.81; which from him the said *James* unjustly detained, &c., and he should have then and there that writ.   On which third Monday, &c., being the day of the return of the said writ, the said sheriff, to wit, *John B. Lawson*, esquire, the sheriff of the county in which he the said *James* lives, to whom the said writ was directed, made return thereof to the said court, that the said *James* was not to be found in his bailiwick, as by the said writ and return thereof, now of record in the said court remaining appears, and so the said State by *W. Mitchell* its said attorney saith, that the said *James* did not well and truly perform the office of administrator of the said *John Henderson*, late of *Charles* county, deceased, according to law, and did not, &c.   Wherefore, &c.

The defendant rejoined, that the said *James T. Henderson* in the condition of the said writing obligatory mentioned, from the time of making the said writing obligatory, hath well and truly observed, performed, fulfilled and kept, all and singular the matters and things to be done and performed, according to the condition of the said writing obligatory aforesaid mentioned, and of this he the said *Thomas A. Burgess* puts himself upon the country.

The said State of *Maryland*, in like, &c.

The jury rendered a verdict for the plaintiff.

At the trial the plaintiff to support the action gave in evidence to the jury the single bill mentioned in said replication, as follows, to wit:

$141.81¼.   On demand, for value received, I hereby oblige myself, my heirs, executors and administrators, to pay or cause to be paid unto *John Lewis Henderson*, his heirs or assigns, the just and full sum of one hundred and forty-one dollars and eighty-one and one-fourth cents, lawful money of the United States, with legal interest from the date hereof, until paid, as witness my hand and seal, this 25th day of June, eighteen hundred and thirty-one.

JOHN HENDERSON,   (Seal.)

Witness,—*Jon. F. Dunnington.*

At the foot of the above bill obligatory is thus written: "I assign all my right and interest in the above note to *George G. Skinner.*"

On the back of the above writing obligatory is thus written, to wit:

*Charles County, to wit:* On the 7th day of November, 1832, personally appears *John Lewis Henderson,* before the subscriber, a justice of the peace in and for said county, and makes oath on the Holy Evangely of Almighty God, that the within note is justly due him; that he hath not either directly or indirectly, neither has any person for him or his use, before or since the death of *John Henderson,* the signer of the same, received any part, parcel, security or satisfaction for the same, to the best of his knowledge and belief.

Sworn before,      JNO. F. DUNNINGTON.

Passed by the court.      Test,—WM. D. MERRICK,

*Nov.* 20*th,* 1832.      *Register of Wills for Charles Co.*

The defendant objected to the said single bill being read in evidence in this case, unless the assignment from *John L. Henderson,* the obligee in the bond, to *George G. Skinner,* for whose use and benefit this suit was instituted, was first proved; because the original writ in this cause was ordered for the use of *George G. Skinner,* and it was not competent for the party instituting the action in the bond to shew a cause of action due to a third person, but the court (STEPHEN, C. J., KEY, A. J.,) overruled the objection, and permitted said note to be read in evidence to the jury; to which opinion of the court under the pleadings in the cause, the defendant excepted, and prosecuted this appeal.

The cause was argued before ARCHER, DORSEY, CHAMBERS and SPENCE, Judges.

By CRAIN for the appellant.

No counsel appeared for the appellee.

ARCHER, J., delivered the opinion of this court.

The pleadings in this cause put nothing in issue but the performance or non-performance of, by the administrator, of his duty as such : no issue whatever has been taken in relation to any one fact averred in the replication. The rejoinder is but the reiteration of the plea of performance, and is nothing more than the answer to the conclusion, which the plaintiff has drawn from the facts set out as a breach in the replication, so that the parties have gone to trial without the breach set out in the replication being in any manner answered or rejoined to.

We should have had but little difficulty in disposing of this case, but for the act of 1825, chap. 117 ; since that statute we can only look to the point decided.

The bill of exceptions, if strictly construed, would present the question, that the assignment must be first proved before the obligation assigned could be given in evidence ; but the reason assigned shows that the point intended to be raised, was the question as to the admissibility of the obligation in evidence, without also having the proof of the assignment.

The action is entered for the use of *G. S. Skinner,* who in the replication is averred to be the assignee, and for whose use it is averred the suit was instituted. He could not certainly recover without showing himself entitled to the cause of action, by proof of the alleged assignment. But no question is raised on the right to recover without proof of the assignment ; but simply whether the obligation is evidence without proof of the assignment. The breach alleges the existence of the obligation, the assignment, and the return of *non est* on the *capias,* against the administrator. These allegations furnish the foundation of the plaintiff's right of action, and each should, when put in issue, be established ; each allegation may be separately proved, and if the plaintiff prove one without the others, no objection can be taken to the admissibility of the proof offered, for by offering it, he is but proving the allegation of the breach. The objection as we have before said, would lie not to the testimony, but to the right to recover, if the plaintiff stops with this proof, and offers no evidence of the assignment.

JUDGMENT AFFIRMED.